UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.    1:09-cr-150-01 (B/F) |
| | ) | |
| WILLIE MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable David F. Hamilton, Chief Judge, on November 20, 2009, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on November 19, 2009, and to submit to Judge Hamilton proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).  (This case was reassigned to the Honorable Sarah Evans Barker, Judge, on January 5, 2010.)

All proceedings were held August 17, 2010, in accordance with Title 18 U.S.C. §3583 and Rule 32.1 of the *Federal Rules of Criminal Procedure.*  At the proceeding, Mr. Martin appeared in person and with his appointed counsel, Mike Donahoe, Office of the Indiana Federal Community Defender; the government appeared by Winfield Ong, Assistant United States Attorney; and Tasha Taylor, U. S. Parole and Probation officer, appeared and participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Mike Donahoe, Office of the Indiana Federal Community Defender, was appointed to represent Mr. Martin in regard to the pending Petition for Revocation of Supervised Release, filed November 19, 2009.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Martin and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Martin was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Martin was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Martin was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Martin had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Hamilton's designation entered November 20, 2009.

7. Mr. Donahoe stated that Mr. Martin would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petition. Mr. Martin executed a written waiver of the preliminary hearing, which was accepted by the Court.

The parties stipulated the following in open Court:

(1) Mr. Martin and the government agreed they were ready to proceed to disposition on the pending Petition to REVOKE Mr. Martin's supervised release in open Court this date.

(2) Mr. Martin admitted that he committed the violations of specifications set forth in the November 19, 2009 Petition as follows:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| **1** | **"The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month."** |
| | The offender has failed to report to the probation officer as directed. He missed scheduled appointments at the probation office on October 15, 2009, and October 27, 2009. He last had face-to-face contact with this officer on October 8, 2009. Since that time, the probation officer has made several attempts to locate him at his residence, and has left messages with his relatives and employer for him to call; he has not responded. |
| | Additionally, Mr. Martin has failed to submit timely written monthly supervision reports. He submitted a report for September 2009 on October 15, 2009. As of November 12, 2009, he has not submitted his supervision report for October 2009. |
| **2** | **"The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons."** |
| | The offender has failed to maintain employment. According to Mickey Shipp, owner of Mickey's Precision Auto Care in Indianapolis, Indiana, Mr. Martin began working for him on approximately September 28, 2009. On about October 18, 2009, the offender called Mr. Shipp and told him he would not be available to work for two days. He subsequently returned to work. However, on approximately October 29, 2009, he was terminated for failing to report for work and not calling his employer. Prior to the offender's termination, Mr. Shipp made several attempts to contact him to inquire about his absence. However, Mr. Martin failed to return any of his employer's calls. |
| **3** | **"The defendant shall notify the probation officer at least ten days prior to any change of residence or employment."** |

Mr. Martin's whereabouts are unknown. On October 8, 2009, the probation officer attempted to make contact with him at his reported residence located at 11742 E. 9th Street, Apartment D, in Indianapolis. He was not there. Contact was made with his sister who said she was unaware if he lived at the apartment. Reportedly, she had been there visiting for two nights and although she "saw" him there, he had not slept there. On this day, the offender was located by the probation officer at his cousin's residence, where he claimed he was visiting, stating he lived at the 9th Street address. He was given instructions to report to the probation officer on October 15, 2009, which he failed to do. On October 22, 2009, the probation officer again attempted to make contact with him at his residence. He was not there. According to his sister, he had not been there in at least two days. She was unaware of his whereabouts. Another attempt by the probation officer to locate him at this apartment on October 29, 2009, was also unsuccessful.

**4**     **"The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment."**

The offender has failed to make an effort to satisfy his special assessment. He owes a balance of $150. He has made no payments toward this debt since his commencement of supervision.

**5**     **"The defendant shall participate in a substance abuse treatment program, which may include urine testing, under a co-payment plan that shall not exceed an amount determined by the Probation Officer's Sliding Scale for Monthly Co-Payment."**

Mr. Martin has not complied with court-ordered substance abuse treatment and urine testing. He last reported for a scheduled counseling session at Volunteers of America (VOA) on September 28, 2009, failing to report on October 5, 2009, and October 26, 2009. Additionally, he did not report for urinalysis testing on October 4, 2009, October 24, 2009, and October 29, 2009. Although he is required to report weekly for counseling sessions and urine collection, he has had no contact with staff at VOA since October 5, 2009. In addition, he has not satisfied his substance abuse co-payment fee in the amount of $150.

(3) Mr. Martin has a relevant criminal history category of II. *See*, U.S.S.G. §7B1.4(a).

(4) The most serious grade of violation committed by Mr. Martin constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

(5) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release the range of imprisonment applicable to Mr. Martin is 4-10 months.

(6) The parties agreed on the appropriate disposition of the case as follows:

*(I)*    The defendant be sentenced to seven months to the custody of the Attorney General, with two years of supervised release to follow.

After release from confinement, the defendant shall be subject to the following additional conditions:

*(ii)*   In addition to those conditions imposed at sentencing, the defendant shall submit to the search (with the assistance of other law enforcement as necessary) of his person, vehicle, office/business, residence and property, including computer systems and peripheral devices.  The defendant shall submit to the seizure of contraband found.  The defendant shall warn other occupants the premises may be subject to searches.

*(iii)*  Defendant shall provide the probation officer access to any requested financial information.

*(iv)*   Defendant shall make a good faith effort to obtain a GED, high school diploma, or complete a literacy program.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

2.  The Court then placed Mr. Martin under oath and inquired directly of him whether he admitted committing the violations of supervised release contained in the Petition.  Mr. Martin admitted the violations.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Willie James Martin,  violated the above-delineated conditions in the Petition.

Mr. Martin's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of seven months, with two years of supervised release to follow.  Defendant will be subject to the conditions stated in 7.(6) above.  The service of the sentence shall begin immediately.

The Magistrate Judge requests that Tasha Taylor, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Martin stipulated in open Court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*.  You shall have within ten days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge.   If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Martin's supervised release and imposing a sentence of imprisonment of seven months in the custody of the Attorney General or his designee. Further, that upon Mr. Martin's release from confinement, he will be subject to two years of supervised release, under the same conditions imposed at sentencing, plus additional conditions stated in 7.(6) above.

**IT IS SO RECOMMENDED** this 17th day of August, 2010.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Winfield Ong,
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal