UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:09-cr-00150-SEB-MJD |
| | ) | |
| WILLIE JAMES MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to the August 10 and September 27, 2011,
Orders entered by the Honorable Jane Magnus-Stinson and the Honorable Sarah Evans Barker
designating the duty Magistrate Judge to conduct hearings on the Petition for Summons or
Warrant for Offender Under Supervision filed on August 9, 2011, and the supplemental petition
filed on September 27, 2011.  Pursuant to that Order, the Court herein submits proposed
Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and
3583(e).  Proceedings were held on January 11, 2013, in accordance with Rule 32.1 of the
*Federal Rules of Criminal Procedure.*[1]

On January 11, 2013, WILLIE JAMES MARTIN ("Mr. Martin") appeared in person with
appointed  counsel, Michael Donahoe.  The government appeared by Matthew J. Rinka,
Assistant United States Attorney.  U. S. Parole and Probation appeared by Tasha Taylor, U. S.
Parole and Probation officer.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,*
Title 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1.      Mr. Martin was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2.      A copy of the Petition for Warrant or Summons for Offender Under Supervision was provided to Mr. Martin and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3.      Mr. Martin was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4.      Mr. Martin was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.      Mr. Martin was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6.      Mr. Martin was advised that if the preliminary hearing resulted in a finding of probable cause that Mr. Martin had violated an alleged condition or conditions of his supervised release as set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7.      Mr. Donahoe stated that Mr. Martin would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.  Mr. Martin executed a written waiver of the preliminary hearing, which was accepted by the Court.

8.      Mr. Martin stipulated that he committed Violations 1-7 as set forth in the Petition for

Warrant or Summons for an Offender Under Supervision filed on August 9, 2011.  Those

violations are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | *"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."* |
| | Mr. Martin failed to report to the probation officer as directed on July 12, 2011, and July 29, 2011.  He last had face-to-face contact with the probation officer on June 14, 2011.  Additionally, he failed to submit Monthly Supervision Reports for July 2011 and August 2011 as required.  Reports he submitted for March, April, and May 2011 were late. |
| 2. | *"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."* |
| | The defendant has been unemployed since his release from the Bureau of Prisons on March 15, 2011.  On March 16, 2011, he was referred by the probation officer to PACE/OAR for employment assistance.  On June 13, 2011, he failed to report for orientation at PACE/OAR, and has otherwise made no sincere effort to obtain employment. |
| 3. | *"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."* |
| | Mr. Martin was last located by the probation officer at his residence at 9970 Montery Road, Indianapolis, Indiana, on June 9, 2011.  Field investigation attempts to locate him after that time were unsuccessful.  On several occasions, the defendant's girlfriend told the probation officer he was still residing with her at the residence.  However, on July 26, 2011, she called the probation officer and indicated she had been lying about Mr. Martin living with her.  She said he had not been at the residence in approximately one month.  At the time, she suspected he may have been residing in either Gary or Michigan City, Indiana.  His current whereabouts is unknown and he has not contacted the probation officer to report a new address. |
| 4. | "*The defendant shall participate in a substance abuse treatment* |

*program, which may include urine testing, under a co-payment plan that shall not exceed an amount determined by the Probation Officer Sliding Scale for Monthly Co-Payment."*

The defendant has failed to comply with substance abuse treatment and urine collection. He last reported to Volunteers of America (VOA) on June 1, 2011, for an individual counseling session, and on June 10, 2011, for a urinalysis test. A urine sample collected at the probation office on June 14, 2011, was negative for illicit substances. No samples have been collected since that time. Mr. Martin failed to report for counseling sessions on April 13, 2011, April 27, 2011, May 25, 2011, June 8, 2011, June 15, 2011, and June 22, 2011. He failed to report for urinalysis testing on May 16, 2011, June 5, 2011, June 7, 2011, June 8, 2011, June 21, 2011, June 23, 2011, July 6, 2011, July 24, 2011, and July 26, 2011. He was unsuccessfully terminated from the program by the probation officer on August 2, 2011. He has failed to satisfy his co-payment fee in the amount of $150.

5.      *"During the course of supervision, the defendant shall make a good faith effort to obtain a G.E.D., high school diploma, or complete a literacy program."*

Mr. Martin has made no effort to obtain a G.E.D., high school diploma, or complete a literacy program. On March 16, 2011, he was referred by the probation officer to Indy Reads for literacy tutoring. He failed to follow through with the referral, having never contacted the agency as instructed.

6.      *"The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment."*

Since the commencement of Mr. Martin's supervised release, he has made one payment of $30 toward his special assessment. He has an outstanding balance of $120.00

7.      *"The defendant shall reside for a period of up to four months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."*

On June 29, 2011, the defendant's supervised release conditions were modified to include the requirement he reside at a RRC. He was designated to report to VOA on August 1, 2011, but failed to report as instructed.

9.      Mr. Martin further stipulated that he committed Violations 8-12 as set forth in the

Supplemental Petition for Warrant or Summons for an Offender Under Supervision filed on

September 27, 2011.  Those violations are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 8. | *"The defendant shall not commit another federal, state or local crime."* |
| 9. | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."* |
| 10. | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |

On August 22, 2011, the defendant was arrested by the Michigan City, Indiana, Police Department, and was charged with Distributing a Substance Represented to be a Controlled Substance, a felony offense. The charge was filed in the LaPorte, Indiana, Superior Court No. 1 on August 23, 2011, and is pending under Cause No. 46D01-1108-FC-00296.  The defendant is currently held in custody at the LaPorte County Jail, and he has an active detainer for the federal warrant issued under this cause.

According to the Information, Mr. Martin distributed a substance which was expressly implied to be a controlled substance, to wit: cocaine.

| | |
|---|---|
| 11. | *"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."* |

The defendant failed to notify the probation officer of his arrest within 72 hours as required.  The probation officer learned of his arrest on the new charge after a criminal record check was conducted subsequent to the defendant's girlfriend stating he was in custody in LaPorte County, Indiana.

| | |
|---|---|
| 12. | *"The defendant shall not leave the judicial district without the permission of the court or probation officer."* |

On August 22, 2011, Mr. Martin was arrested on a felony drug charge in the Northern District of Indiana.  He had not obtained permission from the probation officer to leave the Southern District of Indiana.

10.    The Court placed Mr. Martin under oath and directly inquired of Mr. Martin whether he

admitted the violation of the specifications of his supervised release set forth above.  Mr. Martin

stated that he admitted the above violations as set forth.

11.     The court and counsel for the parties further stipulated to the following:

      a.     The most serious grade of violation is Grade A, pursuant to U.S.S.G.

         § 7B1.1(b).

      b.     Mr. Martin has suffered criminal convictions that yield a criminal history

         category of II.

      c.     The term of imprisonment applicable upon revocation of Mr. Martin's supervised

         release, therefore, is 15-17 months imprisonment.  *See*, U.S.S.G. § 7B1.4(a).

12.     The Court heard argument of counsel on January 11, 2013, concerning the appropriate

resolution of the pending petitions to revoke supervised release.

On January 11, 2013, the Court, having heard the admissions of the Defendant, the

stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW**

**FINDS** that the Defendant, WILLIE JAMES MARTIN, violated the above-delineated conditions

in the Petition.

Mr. Martin's supervised release is therefore REVOKED and he is sentenced to the

custody of the Attorney General or his designee for a period of seventeen (17) months.  Pursuant

to the stipulation of the parties, the Court will recommend that upon his release from that term of

imprisonment, Mr. Martin not be placed on supervised release.  The Defendant is remanded into

the custody of the United States Marshal's service for the execution of this sentence.

After announcing the recommendation it intended to make, the Court notified the parties

that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to

Title 28, U.S.C. § 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure, and any party desiring said review had ten days after being served a copy of the Report and Recommendation to serve and file written objections to the proposed findings of facts, conclusions of law, and recommendations of this Magistrate Judge.  Upon being so notified, both the government and Mr. Martin waived the 10 day period for making objections, and both parties indicated they had no objections to the Court's recommendations.

WHEREFORE, the U. S. Magistrate Judge RECOMMENDS the Court adopt the above report and recommendation revoking Mr. Martin's supervised release and imposing a sentence of imprisonment of seventeen (17) months in the custody of the Attorney General or his designee with no supervised release to follow.

IT IS SO RECOMMENDED this 02/04/2013

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Matthew J. Rinka
Assistant United States Attorney
matthew.rinka@usdoj.gov

Michael Donahoe.
Indiana Community Federal Defender
mike_donahoe@fd.org

U. S. Parole and Probation
U. S. Marshal